# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE LEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of the Social ) <br> Security Administration,[1] ) <br> ) <br> Defendant. ) | Case No. CIV-15-415-RAW-SPS |

## REPORT AND RECOMMENDATION

The claimant Katherine Lee requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born June 14, 1961, and was fifty-two years old at the time of the hearing (Tr. 33). She has up to two years of college education, and has worked as a mental retardation aide, groundskeeper, and purchasing order clerk (Tr. 20, 184). The claimant alleges that she has been unable to work since August 1, 2010 due to back problems (Tr. 184).

## Procedural History

On May 11, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ Bernard Porter held an administrative hearing and determined the claimant was not disabled in a written opinion dated July 16, 2014 (Tr. 17-31). The Appeals Council denied review, so ALJ Porter's opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the ability to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she was limited to occasionally using foot controls, overhead reaching, kneeling, and climbing ramps and stairs; never climbing ladders or scaffolds, or crawling; and frequently balancing, stooping, and crouching. Additionally, he found the claimant required a sit-stand option that allowed her to change position every thirty

minutes, that she could never work around unprotected heights or moving mechanical parts, she could perform simple tasks and simple work-related decisions, and she could have no contact with the public and only occasional interaction with co-workers and supervisors (Tr. 16). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *e. g.*, small products assembler, electronics worker, and mail room clerk (Tr. 21).

**Review**

The claimant contends that the ALJ erred by: (i) improperly evaluating her credibility, (ii) failing to properly assess her RFC, and (iii) failing to fully develop the record. The undersigned Magistrate Judge agrees with the claimant's first contention, and the decision of the Commissioner should be reversed.

ALJ Porter determined that the claimant had the severe impairments of lumbar disc disease, cervical disc disease, heart palpitations, major depression, generalized anxiety disorder, mild cognitive disorder, and post-traumatic stress disorder (Tr. 14). The claimant testified at the administrative hearing that she could not work because of her lower back, which she first hurt in November 2007 (Tr. 39-40). She had an epidural steroid injection but it provided no relief, and she stated that she keeps getting worse (Tr. 40-41). She testified that she takes over-the-counter pain medications daily (Tr. 43). She stated that sitting for over half an hour can make it difficult for her to stand up, and that there is nothing she can do to relieve the pain (Tr. 44). She testified that doctors had not recommended any sort of movement for her pain relief (Tr. 45). As to her mental

4

impairments, she stated that she has high anxiety accompanied by a rapid heart rate, and that she does pretty well by herself and is not very social (Tr. 46). She stated she believed she could sit for thirty minutes, and stand fifteen to thirty minutes (Tr. 47). She believed she could carry a maximum of ten pounds, and walk up to twenty yards (Tr. 48).

The specific medical evidence relevant to this appeal reflects that x-rays of her lower back in 2008 revealed significant anterolisthesis at L5-S1 (Tr. 280). An MRI on March 26, 2008 revealed small central/paracentral disc herniation at the level of L4-L5, unilateral pars defect at L4-L5 with no associated spondylosis, bilateral pars defect at L5-S1 with diffuse disc bulge with associated grade I spondylolisthesis, mild stenosis of the right neuroforamina with moderate to moderately severe stenosis of the left neuroforamina (Tr. 283). A December 5, 2013 radiological assessment of the cervical spine revealed facet arthropathy at C2-3 bilaterally and minimal spondylosis (Tr. 355). An April 14, 2014 MRI of the lumbar spine revealed Grade I anterolisthesis of L4 relative to L5, severe bilateral L5-S1 foraminal stenosis with associated impingement on the exiting bilateral L5 nerve roots (left greater than right), and no focal disc extrusion or central spinal canal stenosis (Tr. 352). X-rays of the lumbar spine on September 19, 2014 revealed bilateral spondylolysis at L4 with a grade I spondylolisthesis of L4 on S1, otherwise mild scoliosis and no other problems (Tr. 411).

Dr. Theresa Horton conducted a mental status examination of the claimant on September 20, 2011. She noted, *inter alia*, that the claimant's concentration was poor, but improved with specific problem solving and prompting (Tr. 288). Dr. Horton assessed her with generalized anxiety disorder and major depressive disorder, recurrent,

moderate to severe (Tr. 289). Her prognosis indicated that the claimant could understand, remember, and manage simple and complex instructions and tasks, though her concentration was quite poor and she likely would have difficulty with management of more complex tasks (Tr. 289). Furthermore, Dr. Horton believed she may struggle with the ability to persist at a task for two hours, but she did appear capable of adequate social and emotional adjustment in many settings (although not in areas that require a lot of public or personal interaction) (Tr. 289). Dr. Horton conducted a second examination of the claimant on August 21, 2012, assessing her with cognitive disorder, NOS, mild; generalized anxiety disorder; and major depressive disorder, recurrent, mild (Tr. 331). Due to complaints with concentration, she was further assessed and found to have a mild cognitive impairment with attention and delayed recall, and at times had problems following simple instructions (Tr. 331). Dr. Horton stated that the claimant appeared capable of understanding, remembering, and managing most simple and complex instructions and tasks, but would likely have increasing problems with management of tasks as they become more complex (Tr. 332).

On September 22, 2011, Dr. Ronald Schatzman conducted a physical examination of the claimant. Dr. Schatzman noted that she had 5/5 grip strength, but extreme pain with rotation of either hip, weak heel/toe walking, tenderness and muscle spasms, and her lumbar-sacral spine was non-tender with limited range of motion and significant pain and muscle spasms (Tr. 294). He further noted her gait was safe and stable (Tr. 295). He assessed her with back pain with radiculopathy, worse on the left leg than the right, and stated that she had "real, significant back pain and is significantly interfering with the

activities of daily living (Tr. 295). Dr. Shatzman conducted a second physical exam on July 29, 2012, and found no point tenderness or edema in her extremities, normal heel/toe walking, and that her lumbar-sacral spine remained non-tender but painful with decreased range of motion (Tr. 311, 313). He again assessed her with back pain (Tr. 314).

On May 9, 2014, Janet Mosqueda, a licensed clinical social worker, completed a Medical Source Statement (MSS) related to the claimant's mental impairments. Ms. Mosqueda indicated that the claimant's diagnoses were generalized anxiety disorder and post-traumatic stress disorder (PTSD) (Tr. 357). She noted a number of areas where the claimant's mental impairments precluded 5-10% performance in an eight-hour workday, including carrying out very short and simple instructions, carrying out detailed instructions, and making simple work-related decisions (Tr. 358-359). She estimated the claimant would be absent three days per month and would be unable to complete an eight-hour workday three days per month, and that the claimant was less than 50% capable of efficiently performing a job on a sustained basis (Tr. 360).

The claimant contends, *inter alia*, that the ALJ erred in analyzing her credibility. At the time of the ALJ's decision, a credibility determination was governed by Soc. Sec. Rul. 96-7p. *See, e .g., Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (July 2, 1996). But the Commissioner issued a ruling on March 16, 2016, that eliminated the term "credibility" and provided new guidance for evaluating the intensity, persistence, and limiting effects of a claimant's symptoms. Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016). "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing

court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue,* 509 F.3d 1299, 1302 (10th Cir. 2007), *quoting Sloan v. Astrue,* 499 F.3d 883, 889 (8th Cir. 2007). Although the ALJ's credibility analysis was arguably sufficient under the old standard, the record does not reflect how the ALJ would have evaluated the claimant's subjective statements under Soc. Sec. Rul. 16-3p.[3] Consequently, the decision of the Commissioner must be reversed and the case remanded to the ALJ for evaluation in accordance with the new standard.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 2nd day of March, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] While it is arguable that the evidence cited by the ALJ in support of his credibility determination would likewise have satisfied Soc. Sec. Rul. 16-3p, thus obviating the need for reversal and remand, *see, e. g., Wellenstein v. Colvin,* 2015 WL 5734438, at *11 (N.D. Iowa Sept. 30, 2015) (noting that the Court of Appeals for the Eighth Circuit denied remand for consideration of a new social security ruling upon finding that "although the policy changed during the pendency of the case, the policy did not affect the case."), *citing Van Vickle v. Astrue,* 539 F.3d 825, 829 n.6 (8th Cir. 2008), the undersigned Magistrate Judge finds that any re-evaluation of the evidence in light of the new standard is not for this court to make on review but rather for the ALJ to consider in the first instance.